UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| JENNIFER DOYLE,<br><br>                *Plaintiff*,<br><br>     v.<br><br>TEP EVENTS INTERNATIONAL, LTD., TEP EVENTS INTERNATIONAL, INC. a/k/a DUUZRA SOFTWARE INTERNATIONAL LIMITED, *and* PAUL BECK, *individually*,<br><br>                *Defendants*. | ECF CASE<br><br>16 CV 0856 (AKH)<br><br>**TEP EVENTS INTERNATIONAL LTD.'S AND TEP EVENTS INTERNATIONAL, INC.'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants TEP Events International, Ltd. and TEP Events International, Inc. (collectively "TEP" or "Corporate Defendants"), by their undersigned attorneys, hereby answer plaintiff Jennifer Doyle's ("Doyle" or "Plaintiff") First Amended Complaint (the "Complaint") as follows:

**PRELIMINARY STATEMENT**

1. TEP denies the allegations contained in paragraph 1 of the Complaint, except admits that the Complaint purports to make claims for discrimination under the New York City Human Rights Law (NYCHRL) and avers that no factual or legal basis exists for such claims.

**JURISDICTION AND VENUE**

2. TEP denies the allegations contained in paragraph 2 of the Complaint, except admits that the Complaint alleges that this Court has jurisdiction over the claims set forth in the Complaint and avers that no factual or legal basis exists for such claims. To the extent that the allegations contained in paragraph 2 call for conclusions of law, TEP makes no response as none is necessary.

3. TEP denies the allegations contained in paragraph 3 of the Complaint, except admits that the Complaint alleges that venue is proper for the claims asserted therein and avers that no factual or legal basis exists for such claims.

## TRIAL BY JURY

4. TEP consents to a jury trial.

## PARTIES

5. TEP lacks knowledge or information sufficient to ascertain the truth of the allegations contained in paragraph 5 of the Complaint, except admits that plaintiff Jennifer Doyle is an individual.

6. TEP denies the allegations contained in paragraph 6 of the Complaint.

7. TEP denies the allegations contained in paragraph 7 of the Complaint.

8. TEP denies the allegations contained in paragraph 8 of the Complaint except admits that TEP Events International, Inc. is a business organized under the laws of the State of Delaware and Mateo Muñoz is a registered agent.

9. TEP lacks knowledge or information sufficient to ascertain the truth of the allegations contained in paragraph 9 of the Complaint.

## FACTUAL ALLEGATIONS

10. TEP admits the allegations contained in paragraph 10 of the Complaint.

11. TEP admits the allegations contained in paragraph 11 of the Complaint.

12. TEP admits the allegations contained in paragraph 12 of the Complaint.

13. TEP denies the allegations contained in paragraph 13 of the Complaint except admits that TEP paid Doyle a salary.

14. TEP admits the allegations contained in paragraph 14 of the Complaint.

15. TEP lacks knowledge or information sufficient to ascertain the truth of the allegations contained in paragraph 15 of the Complaint.

16. TEP admits the allegations contained in paragraph 16 of the Complaint.

17. TEP admits the allegations contained in paragraph 17 of the Complaint.

18. TEP denies the allegations contained in paragraph 18 of the Complaint.

19. TEP denies the allegations contained in paragraph 19 of the Complaint.

20. TEP denies the allegations contained in paragraph 20 of the Complaint.

21. TEP denies the allegations contained in paragraph 21 of the Complaint.

22. TEP admits the allegations contained in paragraph 22 of the Complaint.

23. TEP denies the allegations contained in paragraph 23 of the Complaint.

24. TEP denies the allegations contained in paragraph 24 of the Complaint.

25. TEP denies the allegations contained in paragraph 25 of the Complaint.

26. TEP denies the allegations contained in paragraph 26 of the Complaint.

27. TEP lacks knowledge or information sufficient to ascertain the truth of the allegations contained in paragraph 27 of the Complaint.

28. TEP lacks knowledge or information sufficient to ascertain the truth of the allegations contained in paragraph 28 of the Complaint.

29. TEP lacks knowledge or information sufficient to ascertain the truth of the allegations contained in paragraph 29 of the Complaint.

30. TEP lacks knowledge or information sufficient to ascertain the truth of the allegations contained in paragraph 30 of the Complaint.

31. TEP lacks knowledge or information sufficient to ascertain the truth of the allegations contained in paragraph 31 of the Complaint.

32. TEP denies the allegations contained in paragraph 32 of the Complaint.

33. TEP lacks knowledge or information sufficient to ascertain the truth of the allegations contained in paragraph 33 of the Complaint.

34. TEP lacks knowledge or information sufficient to ascertain the truth of the allegations contained in paragraph 34 of the Complaint.

35. TEP denies the allegations contained in paragraph 35 of the Complaint.

36. TEP denies the allegations contained in paragraph 36 of the Complaint except admits that Mr. Beck met with staff members to discuss TEP's business from time to time.

37. TEP lacks knowledge or information sufficient to ascertain the truth of the allegations contained in paragraph 37 of the Complaint.

38. TEP denies the allegations contained in paragraph 38 of the Complaint.

39. TEP denies the allegations contained in paragraph 39 of the Complaint except admits that Doyle's performance was upsetting.

40. TEP denies the allegations contained in paragraph 40 of the Complaint.

41. TEP denies the allegations contained in paragraph 41 of the Complaint except admits that Doyle communicated with Mr. Beck, Mr. Levitan and James Lawrence by email from time to time.

42. TEP lacks knowledge or information sufficient to ascertain the truth of the allegations contained in paragraph 42 of the Complaint.

43. TEP denies the allegations contained in paragraph 43 of the Complaint.

44. TEP lacks knowledge or information sufficient to ascertain the truth of the allegations contained in paragraph 44 of the Complaint.

45. TEP denies the allegations contained in paragraph 45 of the Complaint.

46. TEP denies the allegations contained in paragraph 46 of the Complaint.

47. TEP denies the allegations contained in paragraph 47 of the Complaint.

48. TEP denies the allegations contained in paragraph 48 of the Complaint.

49. TEP denies the allegations contained in paragraph 49 of the Complaint.

50. TEP denies the allegations contained in paragraph 50 of the Complaint.

51. TEP lacks knowledge or information sufficient to ascertain the truth of the allegations contained in paragraph 51 of the Complaint.

52. TEP denies the allegations contained in paragraph 52 of the Complaint.

53. TEP denies the allegations contained in paragraph 53 of the Complaint.

54. TEP denies the allegations contained in paragraph 54 of the Complaint.

55. TEP admits the allegations contained in paragraph 55 of the Complaint.

56. TEP denies the allegations contained in paragraph 56 of the Complaint except admits that Doyle's employment was terminated.

57. TEP denies the allegations contained in paragraph 57 of the Complaint.

**CLAIMS FOR RELIEF**
**FIRST CAUSE OF ACTION**
**Violation of the NYCHRL by Unlawful Termination Based on Gender and Pregnancy**

58. TEP alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

59. TEP avers that the allegations set forth in paragraph 59 are legal conclusions to which no response is required. To the extent a response is required, TEP denies the allegations set forth in paragraph 59.

60. TEP denies the allegations contained in paragraph 60 of the Complaint.

61. TEP denies the allegations contained in paragraph 61 of the Complaint.

62. TEP denies the allegations contained in paragraph 62 of the Complaint.

## SECOND CAUSE OF ACTION
### Violation of the NYCHRL by Creating a Hostile Work Environment Based on Sex and Pregnancy

63. TEP alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

64. TEP avers that the allegations set forth in paragraph 64 are legal conclusions to which no response is required. To the extent a response is required, TEP denies the allegations set forth in paragraph 64.

65. TEP denies the allegations contained in paragraph 65 of the Complaint.

66. TEP denies the allegations contained in paragraph 66 of the Complaint.

67. TEP denies the allegations contained in paragraph 67 of the Complaint.

## THIRD CAUSE OF ACTION
### Violation of the NYCHRL for Retaliating Against Protected Activity

68. TEP alleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

69. TEP avers that the allegations set forth in paragraph 69 are legal conclusions to which no response is required. To the extent a response is required, TEP denies the allegations set forth in paragraph 69.

70. TEP denies the allegations contained in paragraph 70 of the Complaint.

71. TEP denies the allegations contained in paragraph 71 of the Complaint.

72. TEP denies the allegations contained in paragraph 72 of the Complaint.

73. TEP denies the allegations contained in paragraph 73 of the Complaint.

**Request for Relief**

TEP denies that Plaintiff is entitled to any of the relief requested in paragraphs A through G of the Complaint's WHEREFORE clause.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted or for which the relief or recovery sought can be awarded.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, because Plaintiff is estopped as to such claims by her own bad actions, conduct and unclean hands.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any damages, or any recovery must be reduced or limited, because she failed to exercise reasonable diligence to mitigate her damages, and there is reasonable likelihood that Plaintiff might have found comparable work by exercising reasonable diligence.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any damages, including liquidated and punitive damages, or recovery must be reduced or limited, because at all times TEP acted in good faith and any unlawful acts and/or omissions alleged in the Complaint, which TEP denies, were not engaged in with malice or with reckless indifference to Plaintiff.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

None of TEP's conduct directly or proximately caused Plaintiff's alleged monetary and/or economic hardship, severe mental anguish and emotional distress, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, emotional pain and suffering and any other physical or mental injuries.  Therefore compensatory damages are not recoverable in this case.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

TEP's conduct and treatment of plaintiff was based on legitimate, non-discriminatory business reasons that were unrelated to Plaintiff's complaints of alleged NYCHRL violations.  TEP's policies, standards and criteria are uniformly applied, job-related and consistent with business necessity.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any damages, or any recovery must be reduced or limited, because TEP would have taken same action against Plaintiff regardless of her gender.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Prejudgment interest is not recoverable when liquidated damages are sought and awarded.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any damages, or any recovery must be reduced or limited, in accordance with Sections 8-107(13)(d) and (e) and 8-126(b) of the Administrative Code of the City of New York.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

 TEP reserves the right to assert further defenses as they become apparent through discovery or investigation

WHEREFORE, TEP respectfully requests that a judgment be entered herein:

(a) dismissing the Complaint with prejudice;

(b) awarding TEP the fees, costs and disbursements and reasonable attorneys' fees associated with this action; and

(c) granting TEP such other and further relief as this Court deems just and proper.

Dated: August 12, 2016
       New York, New York

                                          LAW OFFICE OF DAVID S. HONG

                                          By: /s David S. Hong
                                                David S. Hong
                                                350 West 42nd Street, Suite 19H
                                                New York, New York 10036
                                                (646) 504-9494
                                                david@davidhonglaw.com

                                          *Attorneys for TEP Events International, Ltd.*
                                          *and TEP Events International, Inc.*

To:    Walker G. Harman, Esquire
        Edgar M. Rivera, Esquire
        The Harman Firm, LLP
        220 Fifth Avenue, Suite 900
        New York, New York 10001
        (212) 425-2600
        wharman@theharmanfirm.com
        erivera@theharmanfirm.com

        *Attorneys for Plaintiff*

**CERTIFICATION OF FILING AND SERVICE**

I hereby certify that on this date the within Answer to the First Amended Complaint on behalf of defendants TEP Events International, Ltd. and TEP Events International, Inc. was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access, view and download these documents through the Court's Electronic Case Filing system.

I certify under penalty of perjury that the foregoing statement is true and correct.

Dated: August 12, 2016

        LAW OFFICE OF DAVID S. HONG

        By: /s David S. Hong
            David S. Hong
            350 West 42nd Street, Suite 19H
            New York, New York 10036
            (646) 504-9494
            david@davidhonglaw.com

*Attorneys for TEP Events International, Ltd. and TEP Events International, Inc.*