# THE HARMAN FIRM, LLP

Attorneys & Counselors At Law
www.theharmanfirm.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/15/16

August 8, 2016

**VIA ECF**

Hon. Alvin K. Hellerstein
United States District Court Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

[Handwritten annotation: A R. 37 motion to repeated. Def't should consider R. 37(a)(5) before requiring plaintiff to prepare and file a motion. 8/15/16 [signature]]

Re: *Doyle v. TEP Events International Ltd.*,
16 CV 0856 (AKH)

Dear Judge Hellerstein:

We represent Plaintiff Jennifer Doyle in the above-referenced action. We write to respectfully request that the Court compel corporate Defendants TEP Events International Ltd. and TEP Events International Inc. ("Corporate Defendants") to produce individual Defendant Paul Beck's last known home and business addresses so that we may serve process on him. Plaintiff's counsel reached out to Corporate Defendants' counsel, David S. Hong, Esq., for this information, but he has failed to respond to any correspondence on the issue.

At the June 24, 2016 Court conference, Your Honor instructed Plaintiff's counsel to serve Defendant Paul Beck, who resides in the United Kingdom, before the next court conference, presently scheduled for September 16, 2016. Since then, Plaintiff has made every effort to serve Mr. Beck but cannot without his personal or work address. Plaintiff has independently attempted to ascertain that information without success. As such, Plaintiff's counsel reached out to Corporate Defendants' counsel for this information.

It is reasonable to believe that Corporate Defendants have the sought information. Mr. Beck was their Chief Executive Officer from around June 2010 to July 2015 and currently may be providing consulting services for them. As such, Corporate Defendants should have such basic information as his home and business addresses.

There is no reason to delay the production of this information; Mr. Beck's addresses inevitably will be produced during discovery. Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure and Local Civil Rule 26.3(c)(3) of the Local Rules of the United States District Courts for the Southern and Eastern District's of New York both require that a responding party identify responsive individuals with their present or last known address. Further, as Mr. Hong does not

Hon. Alvin K. Hellerstein
August 8, 2016
Page 2 of 2

represent Mr. Beck and Plaintiff's counsel seeks only to perfect service Mr. Beck, there is no issue with respect to confidentiality or communications with represented individuals.[1]

Finally, Plaintiff cannot obtain this information from another source: over the past several weeks, we have tried to identify Mr. Beck's home or business address to serve process on him using a variety of online research services to no avail.

Plaintiff's counsel made numerous efforts to work with Mr. Hong to obtain the requested information. On July 28, 2016, we sent him a letter requesting Mr. Beck's addresses and explaining why this request was reasonable. We gave him seven (7) days to produce the information or otherwise respond; however, we never received any response. On Friday, August 5, 2016, we emailed Mr. Hong informing him that we would write the Court on Monday, August 8, 2016, if he did not respond. As Mr. Hong still has not responded, we have no choice but to inconvenience the Court with this request.

Thank you for your time and consideration.

Very truly yours,

Walker G. Harman, Jr.

cc: David S. Hong, Esq. (via ECF)

---

[1] Plaintiff's counsel does not know whether Mr. Beck is represented in this action beyond corporate Defendants' counsel's statement that he does not represent him.