UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JENNIFER DOYLE,

                        *Plaintiff*,

                        *v.*                                                  16 CV 0856 (AKH)

TEP EVENTS INTERNATIONAL, LTD., TEP EVENTS
INTERNATIONAL, INC. *a/k/a* DUUZRA SOFTWARE
INTERNATIONAL LIMITED, *and* PAUL BECK,
*individually*,

                        *Defendants*.
------------------------------------------------------------------------X

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DISMISSAL UNDER RULE 41(b)**

---

## **PRELIMINARY STATEMENT**

       Pursuant to the Court's Order dated October 7, 2016, Plaintiff respectfully submits this memorandum of law opposing the dismissal of this instant action under Rule 41(b) of the Federal Rules of Civil Procedure.

       I was sick with a stomach flu from October 4 through October 7. As a result, I was out of the office and unable to work. For those days, another attorney would have appeared in my absence; however, my office implemented a new calendaring system this fall. In the midst of dealing with my illness, I missed coordinating with my office to adjourn the conference, and, due to the new calendaring system, the conference was not properly inputted in the office calendar.

On behalf of my office and myself, I profusely apologize to the Court and to Defendants' counsel and represent that there will be no further failures.  This is a very unusual occurrence for my office; we are generally highly organized and take pride in this fact.

**ARGUMENT**

Dismissal under Rule 41(b) is "a harsh remedy to be utilized only in extreme situations." *Theilmann v. Rutland Hospital, Inc.*, 455 F .2d 853, 855 (2d Cir. 1972).  District courts should consider several factors, including: (i) the duration of the plaintiff's failures, (ii) whether plaintiff had received notice that further delays would result in dismissal, (iii) whether the defendant is likely to be prejudiced by further delay, (iv) whether dismissal strikes a balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and (v) whether lesser sanctions would be adequate.  *Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2nd Cir. 1988).  All these factors tilt against dismissal in this action.

This case should not be dismissed.  First, Plaintiff has prosecuted the case by attending conferences and following all other Court directives.  Since June 3, 2016, Plaintiff's counsel has appeared at the June 24, 2016 status conference; successfully opposed Defendants' motion to dismiss; filed a letter motion to compel the disclosure of Defendant Paul Beck's address; served process on Mr. Beck at that address; prepared a Case Management Plan and Scheduling Order; appeared at the September 16, 2016 Court conference pertaining to that Case Management Plan and Scheduling Order; discussed settlement with Defendants' counsel; and reviewed financial documents provided by Defendants' counsel on October 4, 2016.  As such, Plaintiff has been prosecuting this case.  Plaintiff's counsel mistakenly missing the June 6 and October 7 conferences was an anomaly that will not be repeated.

2

Second, this is Plaintiff's first notice that any further delay would result in the dismissal of this action. Plaintiff's counsel promptly responded with this memorandum of law showing cause.

Third, Defendants will not be prejudiced by this delay. Plaintiff was ready to submit a proposed scheduling order at the September 16, 2016 conference, the subject of the October 7 conference, but Defendants' counsel represented that his client was impoverished. As such, the Court recommended that the case settle for forty-five thousand dollars ($45,000), and instructed the parties to report back whether that was possible. On October 4, 2016—three (3) days before the conference—Defendants' counsel informed Plaintiff's counsel that Defendants were unwilling to settle for that amount due to poverty and repeated their first and only offer to settle, which Plaintiff had previously rejected. As such, this delay does not prejudice Defendants.

Fourth, dismissal here would not provide Plaintiff a fair chance to be heard.

Fifth, lesser sanctions are available. The Court's notice has embarrassed Plaintiff's counsel, to say the least, and its point is clear; there will be no third strike.

Accordingly, the Court should not dismiss this action.

## **CONCLUSION**

Plaintiff's counsel apologizes for inconveniencing the Court and Defendants' counsel by inadvertently failing to appear at the October 7, 2016 Court conference due to my health issues and a calendaring failure. However, dismissal of this action under Rule 41(b) is a drastic remedy that is not called for by the circumstances.

Dated: New York, New York
October 17, 2016

By:   s/ Walker G. Harman, Jr.
Walker G. Harman, Jr. [WH-8044]
**THE HARMAN FIRM, LLP**
220 Fifth Avenue, Suite 900
New York, NY 10001
212.425.2600
wharman@theharmanfirm.com
*Attorneys for Plaintiff*
